IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JASON EDWARD JOHNS,

OPINION AND ORDER

Plaintiff,

18-cv-599-bbc

v.

JACK LEONARD and MILITARY ORDER
OF THE PURPLE HEART OF THE U.S.A., INC.,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Jason Johns has filed this proposed civil diversity action under Wisconsin state law, contending that defendants released his private information to third parties in an email. Before the court is plaintiff's motion to amend his complaint, in which he asks to withdraw his claims against defendant Military Order of the Purple Heart of the U.S.A., Inc. because he has entered into a settlement agreement with the organization. Dkt. #13. Because plaintiff may dismiss his claims against the Military Order voluntarily under Fed. R. Civ. P. 41(a)(1) without a court order, I will deny the motion to amend as unnecessary and dismiss the Military Order as a defendant. However, there are a few other problems with plaintiff's remaining claims against defendant Leonard that must be addressed.

First, plaintiff filed a proof of service on September 12, 2018, stating that he had delivered a copy of the complaint to defendant Leonard "via USPS Restricted Delivery and

1

signed for by Mr. Leonard." Dkt. #5. Leonard has not answered the complaint. Under Wisconsin law, service of process by mail is not appropriate as a first means of service. Burnett v. Hill, 207 Wis. 2d 110, 117-19, 557 N.W.2d 800, 803-04 (Wis. 1997); Sacotte v. IdealWerk Krug & Priester Machinen Fabrick, 121 Wis.2d 401, 359 N.W.2d 393, 395-96 (Wis. 1984). Under Wis. Stat. § 801.11(1)(a-b), a summons must be served "personally" on the defendant, and then "if with reasonable diligence the defendant cannot be served [personally,] a copy of the summons [may be left] at the defendant's usual place of abode" under certain conditions. Only after the above two options are attempted may service be made by "publication of the summons as a class 3 notice, under ch. 985, and by mailing." Wis. Stat. § 801.11(c). Plaintiff has not presented any evidence showing that he used reasonable diligence in attempting to serve process personally on defendant Leonard before resorting to service by mail, Welty v. Heggy, 124 Wis.2d 318, 369 N.W.2d 763, 767-68 (Ct. App. 1985), and there is no indication that he published the summons using a class 3 notice. Therefore, plaintiff has not properly effected service on defendant Leonard under Wisconsin law.

Second, an obvious question raised by plaintiff's complaint is whether this court may exercise personal jurisdiction over defendant Leonard and whether venue is appropriate in this district. A federal district court cannot exercise personal jurisdiction over a defendant unless that defendant has certain "minimum contacts" with the state in which the court is located. Tamburo v. Dworkin, 601 F.3d 693, 700-01 (7th Cir. 2010) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)); RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1277 (7th Cir. 1997). Venue generally is not appropriate in a district unless the

*defendant* resides there or the events giving rise to the complaint occurred there.  28 U.S.C. § 1391(b).

Plaintiff alleges that Leonard is a citizen of either Maryland or Virginia and was working at the Military Order in Virginia when he sent an email containing plaintiff's name, address, date of birth and checking account information to 87 people across the country.  He does not identify any contacts that Leonard has with Wisconsin.  It appears that plaintiff filed suit in this court because Wisconsin is the state in which plaintiff resides.  However, "the convenience of the plaintiff is not a factor that I may consider" in determining personal jurisdiction or proper venue.  Green v. Beth, No. 15-cv-540-bbc, 2017 WL 436057, at *1 (W.D. Wis. Feb. 1, 2017).

Accordingly, I am directing plaintiff to show cause why this case should not be dismissed for lack of personal jurisdiction over defendant Leonard.  It makes little sense for plaintiff to attempt to serve the complaint on Leonard if there is no basis for keeping the case in this district.  If plaintiff believes that the case should be transferred instead of dismissed, Cote v. Wadel, 796 F.2d 981, 985 (7th Cir. 1986) (court may grant motion to transfer venue without deciding whether court may exercise personal jurisdiction over defendants), plaintiff should explain why he believes the case should be transferred to a particular federal district.  To prevail on a motion to transfer venue, plaintiff would have to show that an exercise of personal jurisdiction would be appropriate in the other district. Jennings v. AC Hydraulic A/S, 383 F.3d 546, 551-52 (7th Cir. 2004).

ORDER

IT IS ORDERED that

1.  Plaintiff Jason Johns's motion to amend his complaint, dkt. #13, is DENIED as unnecessary.  Defendant Military Order of the Purple Heart of the U.S.A., Inc. is DISMISSED pursuant to Fed. R. Civ. P. 41(a)(1).

2.  Plaintiff shall have until March 7, 2019 within which to either (a) show cause why this case should not be dismissed for lack of personal jurisdiction over the defendant Leonard; OR (b) file a motion to transfer this case to another federal district court.  If plaintiff does not respond by that date, I will dismiss the case.

Entered this 15th day of February, 2019.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge